**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION**

| | | |
|---|---|---|
| FREDDIE WILLIAMS, | : | |
| | : | |
| Petitioner, | : | |
| | : | |
| v. | : | Case No. 1:10-CV-087 (WLS) |
| | : | |
| MR. RALLEY, *Deputy Warden of Care and Treatment, et al.*, | : | |
| | : | |
| Respondents, | : | |
| _____ | : | |

**ORDER**

Before the Court are two Reports and Recommendations (Docs. 5 and 33) from United States Magistrate Judge Thomas Q. Langstaff filed February 23, 2011 and August 9, 2011. Pursuant to 28 U.S.C. § 1915A, Judge Langstaff conducted a review of Plaintiff's claims arising out of alleged violations of 42 U.S.C. § 1983. Judge Langstaff reviewed the sufficiency of Petitioner's Complaint (Doc. 5) and Respondents' Motion for Summary Judgment. (Doc. 24). The Court will address each Report and Recommendation Separately.

**Judge Langstaff's February 23, 2011 Report and Recommendation (Doc. 5)**

Judge Langstaff conducted an initial screening of Petitioner's Complaint and recommends that several Respondents be dismissed from Petitioner's Complaint, including all named John Does, Respondent Ralley, Respondent Allen and Respondent Kimble. (Doc. 5). To date, no objections have been filed to Judge Langstaff's Report and Recommendation. (*See generally* Docket). Accordingly, United States Magistrate Judge Langstaff's February 23, 2011 Report and Recommendation (Doc. 5) is **ACCEPTED, ADOPTED** and made the Order of this Court for reason of the findings made and reasons stated therein

**Judge Langstaff's August 9, 2011 Report and Recommendation (Doc. 33)**
*Respondents' Motion for Summary Judgment (Doc. 24)*

Petitioner Freddie Williams alleges that Respondents used excessive force while restraining Petitioner following his attack on two officers. (Doc. 3). Plaintiff alleges that Respondents kicked him in his face, head, ribs and stomach while he was in handcuffs. (Id.) In their Motion for Summary Judgment (Doc. 24), Respondents argue that the officers did not use excessive force and that any force used was necessary to "maintain and restore discipline." (Doc. 24-2 at 13).

A claim of excessive force under the Fourteenth Amendment is analyzed as if it were an excessive-force claim under the Eighth Amendment. Fennell v. Gilstrap, 559 F.3d 1212, 1216 n.5 (11th Cir. 2009). "In both Fourteenth and Eighth Amendment excessive force claims, whether the use of force violates [claimant]'s constitutional rights 'ultimately turns on whether force was applied in a good faith effort to maintain or restore discipline or maliciously and sadistically for the very purpose of causing harm.'" Cockrell v. Sparks, 510 F.3d 1307, 1311 (11th Cir. 2007) (quoting Whitley v. Albers, 475 U.S. 312, 320-21 (1986)). Further, on a Motion for Summary Judgment, the Court must view all the evidence and all factual inferences drawn therefrom in the light most favorable to the nonmoving party and determine whether that evidence could reasonably sustain a jury verdict. Celotex Corp., 477 U.S. at 322-23; Allen, 121 F.3d at 646. However, the Court must grant Summary Judgment if there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c).

Here, the law requires that this Court consider "the need for the application of force; the relationship between the need and the amount of force that was used; and the extent of the injury inflicted upon the prisoner." Brown v. Smith, 813 F.2d 1187, 1188 (citing Whitley, 475 U.S. at 321, 106 S.Ct. at 1085). The Court must also consider "the extent of the threat to the safety of

2

staff and inmates, as reasonably perceived by the responsible officials on the basis of the facts known to them, and any efforts made to temper the severity of a forceful response." Whitley, 475 U.S. at 321, 106 S.Ct. at 1085.  Considering all of the above, the Court is also required to give a "wide range of deference to prison officials acting to preserve discipline and security," including when considering "[d]ecisions made at the scene of a disturbance." Bennett v. Parker, 898 F.2d 1530, 1533 (11th Cir.1990).

Judge Langstaff recommends that Summary Judgment be denied to Respondents regarding the excessive force claim. (Doc. 33).  As Judge Langstaff discussed in his findings, Respondents swear that their use of force was reasonable while Petitioner swears that the use of force was excessive.[1]  Judge Langstaff found that the conflicting sworn statements, in addition to the absence of conclusive evidence on the record created difficulty for a reviewing court to conclude that no genuine issues of material fact exist.  The Court agrees with Judge Langstaff. If, as Petitioner alleges, he was handcuffed at the time Respondents beat his face and torso, then a jury could reasonably make a factual finding that Respondents used excessive force.

Applying the law, the Court finds that Respondents are not entitled to summary judgment on the present record.  Petitioner has met his burden and established that a genuine and material question of fact exists as to whether excessive force was used and his constitutional rights were in fact violated.  The Report and Recommendation provided the Parties with fourteen (14) days to file written objections to the recommendations therein. (Doc. 12).  The period for objections expired on August 23, 2011[2] and no objections have been filed to date. (*See generally* Docket). Upon full review and consideration upon the record, the Court finds that said Report and

---

[1] "The present action is a classic case of Plaintiff swearing to one set of facts and Defendants swearing to another set of facts." (*See* Report and Recommendation of United States Magistrate Judge Thomas Q. Langstaff , Doc. 33 at 12).
[2] Pursuant to Federal Rule of Civil Procedure 6(a)(2).

3

Recommendation (Doc. 33) should be, and hereby is, **ACCEPTED**, **ADOPTED** and made the Order of this Court for reason of the findings made and reasons stated therein.  Accordingly, Respondents' Motion for Summary Judgment (Doc. 24) is **DENIED.**

  **SO ORDERED**, this  13th  day of September, 2011.

            /s/ W. Louis Sands
            **THE HONORABLE W. LOUIS SANDS,**
            **UNITED STATES DISTRICT COURT**