# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# ALBANY DIVISION

FREDDIE WILLIAMS,              :
                              :
        Plaintiff,            :
                              :
    VS.                      :
                              :      **1 : 10-CV-87 (WLS)**
OFFICER JASON WHITE, *et al.*,   :
                              :
        Defendants.     :
_____:

## RECOMMENDATION

Plaintiff, who is proceeding *pro se,* brought the above-styled action pursuant to 42 U.S.C. § 1983 on July 14, 2010. (Doc. 3).  Currently pending is Defendants' Motion to Dismiss for Failure to Prosecute, which was filed on November 15, 2012.  (Doc. 46).  In their Motion to Dismiss, Defendants assert that Plaintiff failed to properly notify the Court of his address change, and therefore his Complaint should be dismissed. (Doc. 46).  On December 7, 2012, Plaintiff filed a Notice of Change of Address.  (Doc. 51).

Under Rule 41(b) of the Federal Rules of Civil Procedure, a case may be dismissed upon a determination of a "clear record of delay or willful contempt and a finding that lesser sanctions would not suffice."  *Goforth v. Owens*, 766 F.2d 1533, 1535 (11th Cir. 1985).   Litigants proceeding *pro se* are not exempt from this requirement of diligent prosecution.  *Moon v. Newsome*, 863 F.2d 835 (11th Cir. 1989).  The court's inherent power to dismiss cases in which the plaintiff has failed to diligently prosecute his action "is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts." *Link v. Wabash R.R.*, 370 U.S. 626, 630 (1962).

On July 19, 2010, the Court ordered all parties to keep the Clerk of Court and all opposing parties advised of their current address at all times, and advised that the failure to promptly advise the Clerk of an address change could result in the dismissal of the party=s pleadings.  (Doc. 5).  The Court further ordered Plaintiff to diligently prosecute his Complaint, and advised Plaintiff that his action could be dismissed due to a lack of prosecution. (*Id.*).

On November 8, 2012, the Clerk of Court mailed a Notice of Pretrial Conference to Plaintiff's address of record, but the mailing came back as undeliverable on November 21, 2012.  (Docs. 45, 48).  On November 27, 2012, the district judge ordered Plaintiff to show cause as to why the Complaint should not be dismissed for Plaintiff's failure to update the Court with his current address[1]. (Doc. 50).  Plaintiff provided the Court with his change of address on December 7, 2012, and explained that he had been released from prison in October.  (Doc. 51).

A review of this entire action reveals that there is not a clear record of delay or willful contempt on the part of Plaintiff.  While Plaintiff did not immediately update the Court with his change of address, Plaintiff did provide his new address to the Court within two months of his release from prison.  The evidence shows that Plaintiff has diligently prosecuted his claims throughout the history of this case, including filing motions, responses, and two previous address changes.

The Court finds that Plaintiff's failure to immediately inform the Court and other parties of his change of address does not necessitate dismissal.  Thus, it is the recommendation of the undersigned that Defendants' Motion to Dismiss be **DENIED.**  The Court reminds Plaintiff that he must promptly notify the Court of any address change in the future, or face the possibility of dismissal.

---

[1] The Court notes that this Recommendation does not address Judge Sands' Show Cause Order.

2

Pursuant to 28 U.S.C. § 636(b)(1), the parties may file written objections to the recommendation contained herein with the Honorable W. Louis Sands, United States District Judge, WITHIN FOURTEEN (14) DAYS after being served with a copy of this Recommendation

**SO RECOMMENDED**, this 12th day of December, 2012.

s/ *THOMAS Q. LANGSTAFF*
UNITED STATES MAGISTRATE JUDGE

llf